# UNITED STATES BANKRUPTCY COURT

# IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In Re<br>**COLLEGE PROPERTIES LIMITED PARTNERSHIP,**<br><br>　　　　　　　Debtor.<br>_____<br>In Re **COLLEGE PROPERTIES, II,**<br><br>　　　　　　　Debtor.<br>_____<br>**BRIAN J. MULLEN, Chapter 11 Trustee for College Properties Limited Partnership and College Properties II, LANDIS MITCHELL, et al.,**<br>　　　　　　　Plaintiffs,<br>v.<br>**COLLEGE PROPERTIES LIMITED PARTNERSHIP,**<br>　　　　　　　Defendant.<br>_____ | In Chapter 11 proceedings<br><br>(Jointly Administered<br><br>Case No. 02-10095-PHX-CGC<br><br><br>Case No. 05-15155-PHX-CGC<br><br><br><br>Adversary No. 06-00063<br><br>**UNDER ADVISEMENT DECISION RE: TRUSTEE'S MOTION TO ADD PARTY PLAINTIFF AND TO AMEND AND SUPPLEMENT COMPLAINT AND MONTAGE INDUSTRIES, INC. AND CASA DEL ORO DEVELOPMENT, LLC's MOTION TO DISQUALIFY SPECIAL COUNSEL** |

On May 30, 2006, the Court held oral argument on a variety of pending motions, some of which were decided on the record at the hearing. Taken under advisement, however, was the Trustee's Motion to Add Party Plaintiff and Amend and Supplement Complaint and Montage Industries, Inc. and Casa Del Oro Development, LLC's Motion to Disqualify Special Counsel.

Briefly, in August, 2004, three limited partners of the Debtor, Landis Mitchell, Anthony DePetris and Patricia Palmer ("Individual Plaintiffs"), filed suit in Pinal County against Black Mountain Homes, LLC, Montage Industries, Inc., Casa Del Oro Development, LLC (collectively referred to as "the Montage Defendants"), the two Debtors – College Properties, Ltd., and College Properties II, Ltd. – and various other defendants unrelated to these motions. The Individual Plaintiffs asserted a variety of claims, including breach of fiduciary duty, breach of partnership agreement, securities law violations, and unjust enrichment that injured not only themselves, but also the Debtors. The Montage Defendants answered and counterclaimed against

the Individual Plaintiffs and cross-claimed against Debtors.  Subsequently, Debtors filed an action in Maricopa County against the Individual Plaintiffs.  The two matters were combined in the Pinal County litigation and subsequently removed to this Court.

Now, the Trustee seeks to be added as a party plaintiff and to supplement and amend the complaint, removing any claims for injunctive relief and mooting the class action nature of the complaint *inter alia*.  In addition, the Trustee supplements a variety of facts in the complaint due to the discovery of additional information and the occurrence of events since the filing of the original complaint.

Also at issue today is the Trustee's application in November, 2005, to employ Clifford Altfeld and John Battaile of Leonard, Felker, Altfeld, Greenberg & Battaile, PC as Special Counsel for the Chapter 11 Trustee to prosecute the Pinal County litigation on behalf of Debtors' estates.  Counsel already represented the Individual Plaintiffs in the original Pinal County litigation.

The Montage Defendants object not only to the motion to add and amend, but also to the employment of Special Counsel.  According to the Montage Defendants, significant prejudice will result if amendment is permitted, especially the apparent removal of the Individual Plaintiffs from the lawsuit despite the Montage Defendants' existing counterclaims.  Further, they assert that the amendment will cause undue delay with the addition of new counts to this case.  The Montage Defendants contend that Special Counsel should be disqualified because its relationship with the Trustee and the Individual Plaintiffs creates a conflict of interest, as Special Counsel is attempting to represent the Individual Plaintiffs, who are creditors of the Estate, as well as the Estate against other creditors of the Estate.

The Court determines that there is merit to the positions of both parties.  Neither motion shall be granted or denied in full as relief can be fashioned to protect the interests of all.

**THEREFORE, IT IS HEREBY ORDERED** granting the Trustee's motion with the following conditions:

1. As counsel agreed at the hearing, the original Individual Plaintiffs' claims are

2

dismissed.

2. The original Individual Plaintiffs remain, however, as parties in their capacity as counterdefendants to the existing counterclaims brought while the case was pending in state court prior to removal.

3. The Montage Defendants' objections regarding the timeliness, futility and abatement of the Trustee's motion are overruled.

**IT IS FURTHER ORDERED** denying the Montage Defendants' motion to disqualify Special Counsel on the following conditions:

1. Special Counsel Leonard, Felker, Altfeld, Greenberg & Battaile, PC may not represent the Estate in connection with any claims brought against the original Individual Plaintiffs by the Debtors in state court. Therefore, if the Trustee elects to pursue these claims, Special Counsel must withdraw as counsel for the Individual Plaintiffs.

2. Special Counsel may not represent the Individual Plaintiffs in connection with their prosecution or defense of the Proofs of Claim they have filed.

3. Special Counsel may not represent the Individual Plaintiffs in their capacity as counter defendants to the counterclaims brought by the Montage Defendants and shall withdraw in that capacity and new counsel needs to be engaged. These counterclaims assert that the damages that the Individual Plaintiffs accuse the Montage Defendants of were in fact caused by the Individual Plaintiffs themselves. Thus, in defending these claims, Special Counsel's loyalty to the Estate may be compromised as the culpability, or lack thereof, of the Individual Plaintiffs could create a conflict with the interests of the Estate. Special Counsel for the Estate must represent the Estate without regard to the potential liability of third parties.

If these conditions are not satisfactory, the Trustee should hire new counsel and Leonard, Felker, Altfeld, Greenberg & Battaile, PC may continue in its representation of the Individual Plaintiffs.

So ordered.

3

**DATED:** June 19, 2006

_/s/ Charles G. Case II_
CHARLES G. CASE II
UNITED STATES BANKRUPTCY JUDGE

**COPY** of the foregoing noticed by the NBC to:

John F. Battaile
Clifford B. Altfeld
Leonard, Felker, Altfeld, Greenberg & Battaile, PC
250 N. Meyer Ave.
Tucson, Arizona 85701
Attorneys for Plaintiffs

Tamalyn E. Lewis
Charles I. Kelhoffer
Geoffrey M. Khotim
Ridenour, Hienton, Kelhoffer, Lewis & Garth, PLLC
201 N. Central Ave., Suite 3300
Phoenix, Arizona 85004
Attorneys for Montage Industries, Inc. and Casa Del Oro
Development, LLC

College Properties, Ltd.
100 W. Camelback Rd., Suite 106
Phoenix, Arizona 85013
Debtor

John T. Ryan
3440 N. 16th Street, suite 5
Phoenix, Arizona 85016
Attorney for Debtor

Richard J. Cuellar
Office of the U.S. Trustee
230 N. First Ave., Suite 204
Phoenix, Arizona 85003-1706

James E. Cross
Brenda K. Martin
Osborn, Maledon PA
2929 N. Central Ave., 21st Floor
Phoenix, Arizona 85012-2974
Attorneys for Chapter 11 Trustee Mullen

4

| | |
|---|---|
| 1 | Thomas McCarville<br>McCarville Law Office |
| 2 | 623 E. Florence Street, PMB 153<br>Casa Grande, Arizona 85222 |
| 3 | Attorneys for Landis Mitchell, Anthony DePetris<br>and Patricia Palmer |
| 4 | |
| 5 | Stephen R. Cooper<br>Cooper Vasquez & Reuter, PC<br>221 N. Florence Street |
| 6 | Casa Grande, Arizona 85230<br>Attorneys for Landis Mitchell, Anthony DePetris |
| 7 | and Patricia Palmer |
| 8 | Howard C. Meyers<br>Burch & Cracchiolo, PA |
| 9 | 702 E. Osborn Rd., Suite 200<br>Phoenix, Arizona 85014 |
| 10 | Attorneys for Loren Jessen, as Trustee of the Henry<br>Jessen Trust dated March 9, 1993 and the Evelyn L. |
| 11 | Jessen Truste dated December 12, 1993 |
| 12 | |
| ... | |
| 28 | |

5