SO ORDERED.

Dated: February 23, 2017

Daniel P. Collins, Chief Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>COLLEGE PROPERTIES, LTD,<br><br>      Debtor<br><br>LANDIS MITCHELL, et al.,<br><br>      Plaintiff,<br><br>    v.<br><br>COLLEGE PROPERTIES, LTD., et al.,<br><br>      Defendant. | In Proceedings Under Chapter 7<br>Case No. 2:05-bk-10095-DPC<br>(Jointly Administered)<br>Case No. 2:05-bk-15155-DPC<br><br><br>**Adv. No.: 2:06-ap-00063-DPC**<br><br><br>**ORDER DENYING DEPETRIS AND PALMER MOTION TO REOPEN CASES**<br><br>**[NOT FOR PUBLICATION]** |

The Court is in receipt of Anthony DePetris' Notice of Appeal and Statement of Election dated January 23, 2017, as well as his Motion for Reconsideration dated January 23, 2017. For the reasons stated below, the Court denies the Motion for Reconsideration.

**I.    Procedural History**

On December 12, 2016, Mr. DePetris filed a Motion to Reopen the adversary proceeding 2:06-ap-00063-DPC. (DE[1] 55). After a hearing on January 19, 2017, the Court entered an Order Denying the Motion to Reopen Cases (DE 71) largely based on the arguments raised in the Trustee's Response to the Motion to Reopen (DE 61) but also based on the failure of Mr. DePetris to appear and prosecute his motion. (DE 71). On

---

[1] DE will hereinafter refer to filings in 2:06-ap-00063-DPC.

1

January 23, 2017, Mr. DePetris filed a Motion for Reconsideration, (DE 73) as well as a Notice of Appeal of the order denying the Motion to Reopen. (DE 76).

**II.** **Issue**

May the Court resolve the Motion for Reconsideration during the pendency of Mr. DePetris' appeal? If so, has Mr. DePetris stated any grounds for relief from the Court's Order Denying the Motion to Reopen?

**III.** **Analysis**

"The filing of a notice of appeal is an event of jurisdictional significance–it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *In re Marino*, 234 B.R. 767 (B.A.P. 9th Cir. 1999) *quoting Trulis v. Barton*, 107 F.3d 685, 694-95 (9th Cir. 1999).

Fed.R.Bankr.P. 8002(b) provides that the following motions will suspend the effect of a notice of appeal until the last such motion is disposed of:

> 1. A timely motion to amend or make additional factual findings under rule 7052;
> 2. A timely motion to alter or amend the judgement under rule 9023;
> 3. A timely motion for a new trial under rule 9023;
> 4. A motion for relief under rule 9024 that is filed no later than 14 days after the judgment is entered.

*See, In re Transtexas Gas Corp*, 303 F.3d 571, 578 (5th Cir. 2002).

Fed.R.Bankr.P. 8008 provides that if a party files a timely motion in the court for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the bankruptcy court may:

> 1. Defer considering the motion;
> 2. Deny the motion; or
> 3. State that the court would grant the motion if the court where the appeal is pending remands for that purpose, or state that the motion raises a substantial issue.

. . . .

. . . .

The Motion does not provide any authority for the Court to reconsider its previous ruling. There is, of course, no rule permitting motions for reconsideration. *In re Curry & Sorensen, Inc.*, 57 B.R. 824, 827 (B.A.P. 9th Cir. 1986) *citing Smith v. Hudson,* 600 F.2d 60, 62 (6th Cir.1979) and *In re Morrison, supra,* 26 B.R. at 60. The Court will treat the Motion as a motion under Fed. R. Bankr. P. 9024 ("BR 9024") and Fed. R. Civ. P. 60 ("Rule 60"). BR 9024 incorporates Rule 60. Rule 60 permits a court to grant relief from a prior judgment or order under certain circumstances. Specifically, Rule 60(b) states:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

**IV. Discussion**

Because the Court is treating the Motion for Reconsideration as a motion filed under BR 9024, the Court finds that under Fed.R.Bankr.P. 8002(b)(4), it has jurisdiction to rule on the Motion for Reconsideration, despite the pending appeal before the B.A.P. The Motion does not argue that there has been a mistake, inadvertence, surprise, excusable neglect or fraud. Nor does it argue that some newly discovered evidence changes the facts or application of the law. Rather, the Motion argues that Mr. DePetris contacted the Court on the day of the telephonic hearing and was put on hold three times. It further argues that he left his name and information on the recording machine and that he is 91 years old. It was Mr. DePetris' responsibility to appear at the hearing and he failed to do so. However, that was only a procedural reason for denying his Motion to Reopen. More

3

importantly, the Motion to Reopen was largely denied because of the reasons cited in the Trustee's brief. Mr. DePetris has not raised any facts or argument, in his Motion for Reconsideration, that entitle him to relief under BR 9024 and Rule 60.

**IT IS ORDERED,** denying Plaintiff's Motion for Reconsideration.

**DATED AND SIGNED ABOVE**

COPY of the foregoing mailed by the BNC and/or
sent by auto-generated mail to interested parties.